IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20809
_____


RORY KEITH JONES,

Plaintiff-Appellant,

v.

CITY OF HOUSTON, c/o Kathy Whitmire and Lee Brown,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-87-CV-912)
_____
February 3, 1997
Before KING, GARWOOD, and PARKER, Circuit Judges.

PER CURIAM:[*]

        Prisoner-appellant Rory Keith Jones filed a notice of appeal in this civil action before April 26, 1996, the effective date of the Prison Litigation Reform Act (PLRA). Among other things, the PLRA requires prisoners proceeding *in forma pauperis* to submit a prison trust fund account statement and an affidavit listing their assets. The PLRA requires a prisoner appealing *in forma pauperis* in a civil action to pay the full amount of the

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

filing fee, $105. If funds for immediate payment are not available, this court is to assess, and, when funds exist, collect, as a partial payment of the filing fee, twenty percent of the greater of: (a) the average monthly deposits to Jones's trust-fund account or (b) the average monthly balance in that account for the six-month period immediately preceding September 18, 1995, the date of the filing of the notice of appeal herein. After payment of the initial partial filing fee, funds shall be deducted from Jones's account until the full filing fees are paid. *See* 28 U.S.C. § 1915(b)(1), (2); *Strickland v. Rankin County Correctional Facility*, No. 96-60306, --- F.3d --- (5th Cir. Jan. 30, 1997).

Jones has thirty days from the date of this order to comply with the PLRA requirements, including:

1)    payment of the appellate filing fee of $105 to the clerk of the district court or

2)(a)    the filing in this court of an affidavit stating all assets that Jones possesses and

(b)    the filing of a certified statement by the custodian of Jones's trust-fund account for the six-month period immediately preceding the date of the filing of the notice of appeal herein.

The clerk of this court is directed to provide Jones with the proper forms for compliance herewith.

The appeal is held in abeyance until Jones complies herewith or until the expiration of thirty days, whichever comes first. If Jones does not comply within the thirty days, the clerk of this court is directed to dismiss the appeal for lack of prosecution. *See* Fifth Circuit Rule 42.3.

APPEAL HELD IN ABEYANCE.  COSTS ORDER ENTERED.